```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
EDITH C. MAZZONE,                               :
                                                :
                        Plaintiff,              :
                                                :               **MEMORANDUM AND ORDER**
            -against-                           :               **ADOPTING REPORT AND**
                                                :               **RECOMMENDATION**
DAILY PRESS LLC d/b/a DAILY PRESS and           :               16-CV-3271 (DLI)(RER)
1151-1153 FULTON STREET CORPORATION,            :
                                                :
                        Defendants.             :
----------------------------------------------------------------x
```
**DORA L. IRIZARRY, Chief United States District Judge:**

On June 17, 2016, Plaintiff Edith C. Mazzone ("Plaintiff") initiated this proceeding against Defendants Daily Press LLC d/b/a Daily Press ("Daily Press") and 1151-1153 Fulton Street Corporation ("Fulton Street") (collectively, "Defendants"), alleging violations of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*. (*See* Complaint ("Compl."), Dkt. Entry No. 1.)

For over six months, Plaintiff did nothing to prosecute the action, including failing to serve Defendants with the Summons and Complaint. Thus, on December 22, 2016, United States Magistrate Judge Ramon E. Reyes, Jr. directed Plaintiff to prosecute this action, warning Plaintiff that unless: (a) the parties filed a stipulation extending the Defendants time to answer; (b) Plaintiff filed a motion for the entry of a notation of default; or (c) the Defendant filed an answer by December 29, 2016, the magistrate judge would deem Plaintiff to have abandoned the case and would recommend to this Court that the case be dismissed for failure to prosecute.

On December 28, 2016, Plaintiff requested an additional twenty days to serve Defendants properly. The magistrate judge denied the request. Later that day, Plaintiff personally served Defendant Daily Press; Plaintiff did not serve Defendant Fulton Street.

On December 30, 2016, Magistrate Judge Reyes issued a Report and Recommendation ("R & R") recommending that Fulton Street be dismissed from this action for failure to serve and prosecute. Plaintiff timely objected to the R & R. (*See* Plaintiff's Objections to Court Order Date 12/30/2016 Containing Report and Recommendation of Dismissal of Action for Failure to Prosecute ("Objections"), Dkt. Entry No. 8.)

For the reasons set forth below, Plaintiff's objections are overruled, and the R & R is adopted in its entirety.

## STANDARD OF REVIEW

When a party objects to an R & R, a district judge must make a *de novo* determination as to those portions of the R & R to which a party objects. *See* FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, No. 11-CV-5434 (CBA) (LB), 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, No. 13-CV-1729 (SJF) (AKT), 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal citations and quotation marks omitted). On the other hand, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise . . . arguments [is] to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 520 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, No. 11-CV-9527 (AJN), 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary

material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, No. 15-CV-517 (NGG) (RER), 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

## DISCUSSION

### A. DISMISSAL FOR FAILURE TO PROSECUTE

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630–31 (1962). "Under [Federal Rule of Civil Procedure 41(b)] and the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966). A district court considering dismissal for failure to prosecute must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Peters v. Dep't of Corr. of N.Y. City,* 306 F.R.D. 147, 149 (S.D.N.Y. 2015). No one factor is dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.,* 16 F.3d 482, 485 (2d Cir. 1994).

3

Here, the factors largely weigh in favor of dismissing Fulton Street from the action. First, Plaintiff failed to serve the Summons and Complaint on any Defendant or prosecute the action in any manner for over six months.[1] Second, the magistrate judge notified Plaintiff that Plaintiff was remiss in this respect, plainly stating what needed to occur by December 29, 2016 to avoid dismissal for failure to prosecute. Still, Plaintiff failed to serve Fulton Street. Third, Fulton Street is prejudiced if it is unaware that an action has been pending against it since June 2016. Furthermore, prejudice to Defendants by further delay in the proceedings may be presumed. *U.S. ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 256 (2d Cir. 2004). Fourth, permitting a case to languish on the docket in the hope that Plaintiff will prosecute the action eventually is not an efficient use of the Court's resources. *Davison v. Grillo*, No. 05 CV 4960(NG)(LB), 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006). Plaintiff has had ample time to inform the Court that she stood ready to press her claims in an effort to strike a balance between the Court's docket and Plaintiff's right to be heard. *Peters v. Dep't of Corr. of N.Y. City,* 306 F.R.D. 147, 149–50 (S.D.N.Y. 2015). Fifth, sanctions less extreme than dismissal are inappropriate given that Plaintiff had been completely uncommunicative with the Court and Defendants for over six months. *Id.* at 150.

**B.     PLAINTIFF'S OBJECTIONS**

Plaintiff argues that dismissal of Fulton Street is inappropriate because Federal Rule of Civil Procedure 4(m) provides that the Court shall extend the time necessary for Plaintiff to effectuate service of process upon Defendants, if Plaintiff shows good cause for the failure.

---

[1] After the R & R and the Objections were filed, on January 17, 2017, Defendant Daily Press filed a Motion to Dismiss. Plaintiff's response was due by January 31, 2017. Plaintiff never responded. The motion to dismiss is addressed in a separate summary order.

4

(Objections at ¶ 5.) Plaintiff asserts that it has been attempting to effectuate service of process timely on Defendants. (*Id.* at ¶ 6.)

Plaintiff's Objections are utterly without merit. There is no evidence that Plaintiff did anything more than forward the Summons and Complaint to a process server by email on June 22, 2016. Plaintiff's own Objections indicate that the process server attempted to effectuate service on Defendants only once, and the Objections do not specify which defendant. Nowhere does Plaintiff assert that there have been any efforts beyond the June 22, 2016 email to serve Fulton Street specifically.

The Court especially doubts Plaintiff's diligence in attempting to serve Fulton Street because, even if Plaintiff could not locate an address for Fulton Street, Plaintiff could have served the New York Secretary of State, but failed to do so. Federal Rule of Civil Procedure 4(h)(1) provides that a summons and complaint may be served on a corporation pursuant to Rule 4(e)(1), which permits following state law service procedures. New York permits service on the New York Secretary of State as an agent of a New York corporation. N.Y. Bus. Corp. Law § 306(b)(1) ("Service of process on such corporation shall be complete when the secretary of state is so served."). According to the New York State Division of Corporation records,[2] Fulton Street is an active corporation, and, thus, the Secretary of State is its agent for purposes of service.

In her Objections, Plaintiff requests that she be granted additional time within which to effectuate service of process on Fulton Street. Plaintiff had over six months to serve Defendants and failed to do so. No additional time will be granted as there is no good cause to do so.

---

[2] Plaintiff acknowledges consulting the New York State Division of Corporation records in an attempt to serve Defendants, yet still failed to serve Fulton Street through the New York Secretary of State.

## **CONCLUSION**

Upon due consideration and review, the recommendations contained in the R & R are adopted in their entirety. Accordingly, Defendant Fulton Street is dismissed from this action with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
      September 30, 2017

                                                    DORA L. IRIZARRY

                                                    Chief United States District Judge