UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
EDITH C. MAZZONE,

                Plaintiff,

                -against-

DAILY PRESS LLC d/b/a DAILY PRESS and
[1151-1153 FULTON STREET CORPORATION],

                Defendants.
-----------------------------------------------------------------x

**SUMMARY ORDER OF DISMISSAL**

16-CV-3271 (DLI)(RER)

**DORA L. IRIZARRY, Chief United States District Judge:**

Edith C. Mazzone ("Plaintiff") commenced this action against Daily Press LLC d/b/a Daily Press ("Daily Press") and 1151-1153 Fulton Street Corporation ("Fulton Street") (collectively, "Defendants") alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA").[1] (*See* Complaint ("Compl."), Dkt. Entry No. 1, at 1.) On September 30, 2017, the Court dismissed Fulton Street from the action for Plaintiff's failure to prosecute.[2]

Daily Press filed the instant motion to dismiss the Complaint in its entirety under Rules 12(b)(2)[3] and 12(b)(6) of the Federal Rules of Civil Procedure. (*See* Notice of Motion to Dismiss, Dkt. Entry No. 9.) Because Plaintiff did not oppose the motion within two weeks and because Daily Press's Motion to Dismiss contained statements that blatantly contradicted public records, the Court issued an Order to Show Cause why the Motion to Dismiss should not be deemed

---

[1]     The preface to the Complaint also cites the Florida Accessibility Code, but from the remainder of the Complaint, the Court assumes the citation to Florida state law was an error by Plaintiff's attorney.

[2]     In a footnote in its opposition to the Motion to Dismiss, Plaintiff disingenuously requests permission to seek a Clerk's Default Judgment against Fulton Street, knowing there was a pending Report and Recommendation issued by the magistrate judge recommending dismissal as to Fulton Street for failure to prosecute. As Plaintiff never served Fulton Street, and Fulton Street is now dismissed from this action, Plaintiff's request is denied.

[3]     From the content of the Motion to Dismiss, it is apparent that Daily Press moves under 12(b)(5), not 12(b)(2).

unopposed and how Daily Press's apparent falsehoods could be explained. (*See* Order dated April 30, 2017.) On May 4, 2017, Daily Press responded to the Order to Show Cause, improperly filing it as a second motion to dismiss. (*See* Dkt. Entry No. 12.) On May 8, 2017, Plaintiff filed her untimely Opposition to the Motion to Dismiss ("Opp."). (*See* Dkt. Entry No. 13.) On May 10, 2017, Daily Press filed its Reply. (*See* Dkt. Entry No. 14.)

For the reasons set forth below, the Motion to Dismiss is granted.

## BACKGROUND

Plaintiff resides in Brooklyn, New York. (Compl. ¶ 8.) Plaintiff has been confined to a wheelchair since 2014, when her leg was amputated as a result of gangrene. (*Id*. ¶ 12.) Fulton Street owns a building located at 505 Franklin Avenue, Brooklyn, New York, from which Daily Press operates a commercial establishment. (*Id*. ¶¶ 5-6.) Plaintiff asserts that Daily Press is a place of "public accommodation" with numerous "exterior and interior barriers to access." (*Id*. ¶ 6, 22.) As a result of Daily Press's alleged non-compliance with the ADA, Plaintiff "is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public." (*Id*. ¶ 19.) Plaintiff "plans on returning to Daily Press." (*Id*. ¶ 24.)

## STANDARD FOR DISMISSAL

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), overruled in part on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Notably, courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See, e.g.*, *Roth v. Jennings*, 489 F. 3d 499, 509 (2d Cir. 2007).

**DISCUSSION**

Title III of the ADA prohibits discrimination against individuals "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). A Title III claim therefore requires that a plaintiff establish that: (1) she is disabled within the meaning of the ADA; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA. *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008).

Daily Press moves to dismiss on two grounds: (1) Daily Press is not the lessee of 505 Franklin Avenue and (2) Daily Press was improperly served.

Daily Press's first argument is unavailing. The plain language of 42 U.S.C. § 12182(a) states that "any person who owns, leases (or leases to), or *operates a place of public accommodation*" may not discriminate on the basis of disability. 42 U.S.C. § 12182(a) (emphasis added). Thus, Daily Press need not lease the premises to be liable under Title III; it is sufficient that Daily Press operates a commercial establishment there. *See Krist v. Kolombos Rest. Inc.,* 688 F.3d 89, 95 (2d Cir. 2012) (finding that "a Title III plaintiff who proves that she is disabled within the meaning of the ADA and that the defendant operates a place of public accommodation" states a claim for relief). Plaintiff adequately alleges that Daily Press operates a place of public accommodation at 505 Franklin Avenue. (Compl. ¶ 38.)

Second, Daily Press argues that service was improper because the individual that Plaintiff served was not an employee of Daily Press. Under Federal Rule of Civil Procedure 4(h), service is proper on a corporation by either: (a) following state law for serving a summons in an action brought in the state where the district court is located or (b) serving an officer, manager, or agent authorized to receive service. Under New York State procedure, service of process properly is effectuated on an LLC by serving a member, a manager, or an agent authorized to receive service. CPLR § 311-a(a). Service of an employee who does not fall into the aforementioned categories or serving a non-employee is not proper. Plaintiff does not address service in her opposition at all, and, thus, does not allege that she served a proper party.

"Incomplete or improper service will lead the court to dismiss the action unless it appears that proper service may still be obtained." *Jaiyeola v. Carrier Corp.,* 73 F. App'x 492, 494 (2d Cir. 2003) (quoting *Romandette v. Weetabix Co.,* 807 F.2d 309 (2d Cir.1986)). The Court is

skeptical that Plaintiff will properly serve Daily Press if given another chance. Although Plaintiff filed the complaint in June 2016, she did not bother to serve Defendants until the Court threatened dismissal for failure to prosecute over six months later. Despite such admonition, Plaintiff failed to serve Fulton Street by the Court's December 29, 2016 deadline. As a result, the Court dismissed Fulton Street from the action for failure to prosecute. Moreover and notably, the Court was forced to issue an order to prompt Plaintiff to oppose Daily Press's motion to dismiss.

Given Plaintiff's serial delinquency in prosecuting this case and her failure to oppose Daily Press's allegations of improper service, the Court properly can dismiss the complaint on the ground of improper service. *See Smithers v. Specth,* No. 16-732-CV, 2017 WL 392008, at *1 (2d Cir. Jan. 27, 2017) ("The District Court was correct to dismiss [Plaintiff's] claim on the ground of improper service because [Plaintiff] made no reasonable effort to effect proper service.").

## CONCLUSION

For the reasons set forth above, Daily Press's motion to dismiss is granted.

SO ORDERED.

Dated: Brooklyn, New York
       September 30, 2017

/s/
DORA L. IRIZARRY
Chief Judge